**NEW AMSTERDAM CASUALTY CO.,**
a corporation, Appellant,

v.

**FIDELITY AND CASUALTY COMPANY OF NEW YORK**, a corporation, Appellee.

**FIDELITY AND CASUALTY COMPANY OF NEW YORK**, a corporation, Appellant,

v.

**NEW AMSTERDAM CASUALTY CO.,**
a corporation, Appellee.

Nos. 21730, 21730–A.

United States Court of Appeals
Ninth Circuit.

Aug. 30, 1968.

Robert E. Stoeve (argued), Brian B. Kennedy (argued), of Turner, Stoeve & Layman, Spokane, Wash., for appellant.

Joseph J. Rekofke (argued), of Cashatt, Williams, Connelly & Rekofke, Spokane, Wash., for appellee.

Before CHAMBERS, JERTBERG, and ELY, Circuit Judges.

ELY, Circuit Judge:

This appeal presents a question of the interrelation of two insurance policies, one issued by New Amsterdam Casualty Company [New Amsterdam] and the other by Fidelity & Casualty Company of New York [Fidelity].  Both policies contain provisions that certain coverage shall be the "excess over any other valid and collectible insurance."  In an action for declaratory relief, New Amsterdam contended that the applicable provisions of the two policies were mutually repugnant and that therefore the obligation of the parties should be prorated in accordance with their respective policy limits.  The District Court's judgment declared that New Amsterdam's policy afforded primary coverage and that Fidelity's coverage was excess only.  New Amsterdam appeals.[1]

N. A. Degerstrom, Inc. [Degerstrom], the insured of Fidelity, contracted with the State of Idaho for the performance of

---

26.  Clarke v. Grimes, 374 F.2d 550, 557 (5th Cir. 1967); Whitney v. Wainwright, 339 F.2d 275, 276 (5th Cir. 1964); Brent v. White, supra.

1.  Fidelity also appeals, requesting that we overturn one particular finding of fact in the event that we conclude that the finding would prevent affirmance.  We do not reach that issue.

certain heavy construction work. Degerstrom then entered into an agreement with the Rainbolt Construction Company [Rainbolt], the insured of New Amsterdam, under which Rainbolt furnished Degerstrom with three twelve-yard dump trucks and drivers to perform certain work necessary in the performance of Degerstrom's contract with Idaho. Thereafter, in the course of operating one of the trucks in connection with the work, one of Rainbolt's drivers collided with a vehicle driven by one Sylvia Dalton, causing her bodily injuries. The injured woman commenced a suit in Washington, seeking $200,000 in damages and naming both Degerstrom and Rainbolt as defendants. Following the inception of that lawsuit, New Amsterdam commenced this action for a declaration of rights under the respective policies issued by it and Fidelity. Upon entry of judgment by the District Court, New Amsterdam settled the Dalton suit for $22,500 and pursued its appeal.

Fidelity's policy provided a coverage limit of $500,000 for bodily injury to one person. New Amsterdam's maximum coverage for such an injury was $100,000. Under the theory of proration of liability in accordance with policy limits when excess clauses are mutually repugnant, see Weekes v. Atlantic Nat'l Ins. Co., 370 F. 2d 264, 273–74 (9th Cir. 1966); St. Paul Mercury Ins. Co. v. Underwriters at Lloyds of London, England, 365 F.2d 659 (10th Cir. 1966), and cases cited therein, New Amsterdam contends that Fidelity should be required to contribute $18,750, five-sixths of the amount paid in compromise of the Dalton claim.

The excess clause of Fidelity's insurance contract with Degerstrom is as follows:

"14. *Other Insurance.* If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of the liability of all valid and collectible insurance against such loss; provided, however, the insurance under this policy with respect to loss arising out of the maintenance or use of any hired automobile insured on a cost of hire basis or the use of any non-owned automobile shall be excess insurance over any other valid and collectible insurance."

The excess clause in New Amsterdam's policy protecting Rainbolt provides:

"4. *Other Insurance.* With respect to any automobile of the commercial type while leased or loaned to any person or organization, other than the named insured, engaged in the business of transporting property by automobile for others, or any hired private passenger automobile insured on the 'cost of hire' basis, or any non-owned automobile, the insurance shall be excess insurance over any other valid and collectible insurance."

Our study convinces us that the above excess clauses are not mutually repugnant and that, consequently, the judgment of the District Court should be affirmed.

The immediate problem does not require a discussion as to the full extent of coverage afforded by each of the insurance policies. The limited issue is simply whether or not the precise provisions of the excess clauses themselves are such that the clauses must be held to be in conflict with, or repugnant to, the other. Careful examination of the excess provision of New Amsterdam's policy reveals that it is sharply restrictive. Its provision that New Amsterdam's coverage "shall be excess insurance over any other valid and collectible insurance" does not, under its express terms, apply except (1) when the hirer of a "commercial type" vehicle is "engaged in the business of transporting property by automobile for others," (2) when the hired vehicle is a "private passenger automobile," or (3) when the question of coverage relates to an automobile which is "non-owned" by the insured.

Looking at the enumerated restrictions in inverse order, we see, first, that the dump truck involved in the collision was not a vehicle "non-owned" by Rainbolt,

the insured under New Amsterdam's policy. There is no dispute over the fact that it belonged to him. Secondly, a dump truck is not a "private passenger automobile." Thirdly, though we assume, *arguendo*, that the truck, at the time of the accident, was being used to transport property for others, the record could not support a determination that Degerstrom was *"engaged in the business* of transporting property by automobile for others * * *."* (Emphasis added.) There is no suggestion that Degerstrom was engaged in such a business, and New Amsterdam itself, on page 12 of its opening brief, describes Degerstrom as "a general contractor." The hiring of the trucks was pursuant to, and followed, Degerstrom's having been, in the language of appellant's brief, "awarded a general contract by the State of Idaho to construct the approaches to a bridge located in the vicinity of Old Town, Idaho." Degerstrom was "engaged in the business" of general contracting, and the accident occurred during its performance of a construction contract. Since, therefore, under the facts before us, none of the three prescribed conditions for the applicability of the excess provision of New Amsterdam's policy is present, that specific provision cannot operate in New Amsterdam's favor in the present controversy. Having no applicability at all, it is not, in this case, repugnant to, or in conflict with, the clearly applicable provision in Fidelity's policy that its coverage of Degerstrom "with respect to loss arising out of the * * * use of any hired automobile insured on a cost of hire basis or the use of any non-owned automobile shall be excess insurance * * *."

It is emphasized that we are not here concerned with language interpretations bearing upon the reach of the provided coverage of the two policies, and, there being no contest between insured and insurer, the rule of liberal construction in favor of an insured is not germane. We have intended to do no more than to analyze the literal language of one excess clause vis-à-vis the other. Doing so, the conclusion is inescapable that the specifically pertinent provisions of the two policies are not so repugnant that the rule of prorated liability should be applied.

The District Court's conclusion that New Amsterdam's policy afforded the primary coverage was correct, and the judgment is

Affirmed.